DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.
 {¶ 2} On July 20, 2007, appellant, Timothy J. Koener, who had been "using cocaine," decided to walk around a neighborhood located in Oregon, Lucas County, Ohio. It was early morning and still dark outside. Appellant kept checking the doors on *Page 2 
the houses to see if they were open. He found an unlocked door, twisted the knob, and pushed the door open. Koener found a purse inside the house and automobile keys inside the purse. He took the purse with him and used the keys to drive away in the motor vehicle. Appellant then tried the door of another house and found that it was unlocked. He took a digital camera and a purse from that residence.
 {¶ 3} Subsequently, appellant was arrested and indicted not only for four burglaries, including those set forth above, that occurred on July 20, 2007, but, also, for three burglaries that occurred on June 22, 2007, as well as for the grand theft of the motor vehicle that occurred on July 20, 2007. Appellant entered a plea of not guilty to all counts in the indictment and was appointed counsel. He subsequently withdrew his pleas of not guilty to two counts of burglary that were committed on July 20, 2007, both violations of R.C. 2911.12(A)(2) and (C), and felonies of the second degree, and pled guilty to both counts. The remaining counts in the indictment were dismissed. After holding a sentencing hearing on January 17, 2008, the trial court sentenced appellant to seven years in prison on each burglary conviction, to be served consecutively for a total of 14 years of incarceration. The court further ordered appellant to reimburse the state of Ohio and Lucas County "for all applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law."
 {¶ 4} Appellant timely appealed his convictions and was appointed counsel for the purposes of this appeal. Appellant's counsel, however, submitted a motion to withdraw pursuant to Anders v. California (1967),386 U.S. 738. See, also, State v. *Page 3 Duncan (1978), 57 Ohio App.2d 93. Under Anders, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he or she must advise the court of the same and request permission to withdraw. Id. at the syllabus. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements are satisfied, the appellate court is required to conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating any constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 744.
 {¶ 5} In the case before us, appointed counsel for appellant satisfied the requirements set forth in Anders. Although notified, appellant never raised any matters for our consideration. Accordingly, we shall proceed with an examination of any arguable assignments of error set forth by counsel for appellant, and of the entire record below, in order to determine whether this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} Counsel for appellant asserts, in compliance with the mandates of Anders, two arguable assignments of error: *Page 4 
 {¶ 7} "I. The trial court erred by imposing more-than-the-minimum sentences as it violated due process and the Ex Post Facto Clauses of the Ohio and United States Constitution.
 {¶ 8} "II. The trial court erred when it sentenced him to a more-than-the-minimum and to consecutive prison terms in violation of his Eighth Amendment rights."
 {¶ 9} In potential Assignment of Error No. I, appellant contends that by retroactively applying State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, in "re-sentencing" him, to a nonminimum sentence for each conviction, the trial court violated the Ex Post Facto and Due Process Clauses to the United States Constitution and Article I, Section 10, Ohio Constitution. This argument is without merit because this case does not involve the retroactive application of Foster. The Ohio Supreme Court issued its decision in Foster on February 27, 2006. The offenses involved in this appeal were committed on July 20, 2007. Appellant was sentenced, not re-sentenced, in 2008. Thus, only the prospective, rather than the retroactive, application of Foster was performed in this cause, and appellant's arguable Assignment of Error No. I is meritless.
 {¶ 10} Appellant's second potential assignment of error contends that imposing nonminimum, consecutive sentences constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution because these sentences are disproportionate to his crimes. In State v. Hairston, 118 Ohio St.3d 290, 2008-Ohio-2338, the Ohio Supreme Court found that the Eighth Amendment forbids only *Page 5 
those extreme sentences that are "grossly disproportionate" to the offense committed. Id. at ¶ 13 (citation omitted).
 {¶ 11} As applied here, appellant has a long history of criminal offenses of the same type that he committed in the present case, including those perpetrated when he was a juvenile. He had already been incarcerated a number of years for some of these crimes, and had similar cases pending against him in Wood County, Ohio, at the time he was sentenced in this cause. At appellant's sentencing hearing, the common pleas judge further noted:
"The facts surrounding these offenses is quite frightening in nature. The defendant during the summer months this past year would enter the residences of people without permission and steal various items. * * * whether someone was there or not. * * * Clearly, this is a more serious crime spree in the sense that the victims suffered serious economic as well as psychological harm. * * * This defendant is a serial burglar."
 {¶ 12} Based upon the facts of the crimes committed and appellant's criminal history, we cannot say that his sentence was grossly disproportionate to offenses he committed. Nor do we find that the trial court abused its discretion in imposing nonminimum, consecutive sentences. State v. Foster, supra, paragraph seven of the syllabus;State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 17. Consequently, appellant's proposed Assignment of Error No. II is without merit.
 {¶ 13} After engaging in further independent review of the record, we find that there are no other grounds for a meritorious appeal. This appeal is therefore determined *Page 6 
to be wholly frivolous. Appointed counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 14} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 1